## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

TRUSTEES OF THE CHICAGO PAINTERS
AND DECORATORS PENSION FUND,
TRUSTEES OF THE CHICAGO PAINTERS
AND DECORATORS WELFARE FUND,
TRUSTEES OF THE CHICAGO PAINTERS
AND DECORATORS DEFERRED SAVINGS
FUND, TRUSTEES OF THE CHICAGO
PAINTERS AND DECORATORS
APPRENTICESHIP FUND, TRUSTEES OF
THE CHICAGO PAINTERS AND
DECORATORS SCHOLARSHIP FUND,
AND TRUSTEES OF THE CHICAGO
PAINTERS AND DECORATORS JOINT
COOPERATION TRUST FUND,

               Plaintiffs,

    v.

UNIVERSAL PAINTING SERVICES, LLC,
an Illinois limited liability company.

               Defendant.

No. 19-cv-8393

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS
PENSION FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS
WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS
DEFERRED SAVINGS TRUST FUND; TRUSTEES OF THE CHICAGO PAINTERS AND
DECORATORS JOINT APPRENTICESHIP FUND; TRUSTEES OF THE CHICAGO
PAINTERS AND DECORATORS SCHOLARSHIP FUND; AND TRUSTEES OF THE
CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, by
their attorneys, Donald D. Schwartz, James R. Anderson, Brian C. James, and ARNOLD AND

1

KADJAN LLP, complain against Defendant UNIVERSAL PAINTING SERVICES, LLC, an Illinois limited liability company, as follows:

## COUNT I

### Jurisdiction and Venue

1.  Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331. Jurisdiction of this cause is also based on Section 301 of the National Labor Relations Act, 19 U.S.C. Section 185, and 28 U.S.C. Section 1331, and federal common law.

2.  The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3.  The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND; , TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND; AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4.  The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council No. 14 and its affiliated locals (the "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5.     The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6.     Defendant UNIVERSAL PAINTING SERVICES, LLC, an Illinois limited liability company, ("UNIVERSAL") is an employer engaged in an industry affecting commerce.

## The Agreements

7.     UNIVERSAL entered into a collective bargaining agreement ("Labor Agreement") with the Union on or about **October 23, 2017** whereby UNIVERSAL agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. In the Labor Agreement, UNIVERSAL also agreed to be bound to the Plaintiffs' Funds' Declarations of Trust. A copy of the Labor Agreement is attached as **"Exhibit A."**

8.     Pursuant to the provisions of the Labor Agreement and Trust Agreements, UNIVERSAL is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, UNIVERSAL is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds. Moreover, the Labor Agreement specifies due dates for UNIVERSAL'S periodic contributions. Should UNIVERSAL fail to contribute to the Funds by the due date, liquidated damages are assessed against it.

9.     Under the terms of the Labor Agreement and Trust Agreement to which it is bound, UNIVERSAL is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not UNIVERSAL is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require UNIVERSAL to pay liquidated damages, interest, auditor's fees, and all attorneys fees and court costs incurred by the Funds in the collection process.

### The Claim

10.     UNIVERSAL has breached the provisions of the Labor Agreement and Trust Agreement by failing to pay reports and contributions for the period from September 2019 through the present. UNIVERSAL has also breached the Labor Agreement and Trust Agreements by failing to timely make fringe benefit fund contributions when they became due, and as a result is required to pay liquidated damages as a consequence thereof. On information and belief, UNIVERSAL owes at least $3,792.21 in unpaid liquidated damages for the period of October 1, 2017 through the present, subject to increase pending an audit.

11.     Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from UNIVERSAL.

12.     UNIVERSAL is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132(g)(2)(D).

13.     Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

(i)     interest on the unpaid contributions; or

    (ii)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, Plaintiffs pray for relief as follows:

A.    That UNIVERSAL be ordered to produce books and records for a fringe benefit Fund contribution compliance audit for the period from October 1, 2017 through the present;

B.    Judgment be entered against UNIVERSAL and in favor of Plaintiffs, in the amount shown to be due based by the audit and the delinquent reports;

C.    That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages not in excess of 20%, and any prior accumulated liquidated damages, all as provided in the Labor Agreement, Trust Agreements, and 29 U.S.C. Section 1132(g); and

D.    Such other and further relief as the Court deems appropriate.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al.,**

By:   /s/ Brian C. James
      One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
BRIAN C. JAMES
ARNOLD AND KADJAN LLP
35 East Wacker Drive, Ste. 600
Chicago, Illinois 60601
(312) 236-0415